**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Black Mtn Holdings LLC, | No. CV-25-03423-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Exhibition Hub VG Cities LLC, *et al.*, | |
| Defendants. | |

At issue is Defendant Exhibition Hub VG Cities LLC's Notice of Removal (Doc. 1, Notice). The Court has reviewed the Notice and finds that Defendant has not sufficiently alleged that the Court has subject matter jurisdiction over this matter. The Court will therefore remand this matter to state court.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal, including the Court's subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Here, Defendant has asserted diversity jurisdiction as the basis for removal. (Notice ¶ I.) Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As the Court has stated in numerous previous Orders based on a 2006 decision of

1  the Ninth Circuit Court of Appeals, for the purpose of determining diversity of citizenship, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Relatedly, if the owners/members of an LLC are other LLCs, the citizenship of the LLC is every state of which the owners/members of the owner/member LLCs are citizens.

In the present case, according to the Notice, both Plaintiff and Defendant are LLCs. And yet, for the purpose of alleging diversity of citizenship, Defendant alleges that Plaintiff is "an Arizona limited liability company" and Defendant is a "Delaware limited liability company with its headquarters in Georgia," attempting to make a case for complete diversity of citizenship. (Notice ¶ I.) These allegations are legally incorrect and insufficient to demonstrate the Court's subject matter jurisdiction over this case. Accordingly, the Court will remand this case to state court. 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** directing the Clerk of Court to remand this case to Maricopa County Superior Court.

Dated this 19th day of September, 2025.

Honorable John J. Tuchi
United States District Judge